### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> James D. Persing and Cheryl L. Persing, <br><br> Debtors. | Chapter 7 <br><br> Case No. 25-11604 (DJB) <br><br> Objection Deadline: **: June 5, 2025** <br> Hearing Date: **June 17, 2025 at 10:00 a.m.** |

### FRIO REALTY GROUP, LLC'S MOTION FOR
### ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Frio Realty Group, LLC (the "Landlord") hereby respectfully files this Motion against James D. Persing and Cheryl L. Persing (collectively, the "Debtors"). Landlord seeks the entry of an Order granting relief from the automatic stay ("Automatic Stay") imposed by section 362 of title 11 of the United States Code ("Bankruptcy Code"), to permit the Landlord to pursue eviction against the Debtors from certain real property in which the Debtors have resided rent-free for an extended period of time. In support thereof, the Landlord avers as follows.

### JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

2. Venue in this Court is predicated under 28 U.S.C. § 1409.

3. Relief is requested under 11 U.S.C. § 362(d) and Federal Rules of Bankruptcy Procedure 4001.

4. Landlord consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution, Local Rule 9014-3(b)(2).

## FACTS

5.    On November 15, 2027, the Debtors entered into a residential real estate lease (the "Lease") for 812 Bethel Ave, Aston, PA 19014 (the "Premises"). The Lease indicates that the Debtors are month-to-month tenants. A true and correct copy of the Lease is attached hereto as Exhibit A. Landlord is the property manager for the Premises, which are owned by Francis Matarazzo & Anita Milici.

6.    The Lease provided, *inter alia,* that the monthly rent due on or before the 1st day of each month was $1,250.00 per month, and that Debtor was to pay the utility bills. The Lease also provides for a five (5) day payment grace period.

### A.    Landlord-Tenant Litigation.

7.    On March 14, 2025, Landlord provided Notice of Termination of Lease to the Debtors, indicating that the Debtors' month to month tenancy was terminated and they were required to vacate the Premises on or before April 15, 2025.

8.    In March of 2025, Landlord received the last full rent payment from the Debtors. At the time of the last rent payment. However, the Debtors still owed $5,140.00 in unpaid rent and late fees.

9.    The Debtors failed to pay April rent, and the Landlord applied the Debtors' last month's rent deposit of $1,250 to the payment of April rent.

10.    On or about May 2, 2025, without knowledge of the Debtors' bankruptcy filing, Landlord brought a landlord-tenant action against Debtor in the Delaware County Municipal Court No. MDJ-32-1-36, Case No. MJ-32135-LT-0000148-2025 (the "Eviction Action").

11.    Since the filing of the landlord-tenant action seeking eviction, Debtor has continued to not pay rent.

### B.    **Procedural Posture in the Bankruptcy Case.**

12. On April 25, 2025, the Debtors filed this Bankruptcy Case (Case No. 25-11604 (DJB)) (the "Petition Date").

13. As of the Petition Date, the Debtors owed $8,000.00 in unpaid rent.

14. Subsequent to the Petition Date, the Debtors have accrued post-petition rent and last fees for May 2025 totaling $1,310.

15. In total, the Debtors owe $9,310 for unpaid rent and late fees.

16. The Landlord reserves the right to seek payment for all post-petition rent due and owing that the Debtors have not paid as of the date of the hearing on the Motion.

## ARGUMENT

17. Landlord respectfully requests that the Court lift the automatic stay as to the Debtors and permit the Landlord to pursue the eviction action.

18. Pursuant to § 362(d)(1) of the Bankruptcy Code, relief from the automatic stay can be granted if "cause" to lift the stay exists, including lack of adequate protection of property. 11 U.S.C. § 362(d)(1). If the debtor has no equity in the property, and the property is not necessary to an effective organization, the stay likewise must be lifted. 11 U.S.C. § 362(d)(2)(A), (B).

19. The Debtors have made no effort to provide adequate protection to the Landlord, so the Landlord should be permitted to pursue eviction pursuant to Section 362(d)(2).

20. The Debtors' ability to reside in the Premises depends on the Debtors meeting their obligations to Landlord – to put it simply, the Debtors need to pay rent. Since the Debtors have not paid rent post-petition, the Debtors cannot remain at the Premises.

21. Even if the Debtors had provided adequate protection, Landlord submits that there would still be "cause" to lift the stay and permit Landlord to pursue its pending state court actions

for eviction. Since "cause" is not defined, a Court must determine what constitutes cause based on the totality of the circumstances of each particular case. *See Baldino v. Wilson (In re Wilson)*, 116 F.3d 89, 90 (3d Cir. 1997).

22. Cause manifestly exists to lift the stay. It is clear to Landlord that the Debtors filed their case with the sole purpose of avoiding eviction from the Premises.

23. Landlord believes that the Debtors will retain possession of the Premises unless an Order is entered by this Court, lifting the stay to permit the Landlord to pursue the eviction action.

24. Landlord requests that any Order granting this Motion will be effective immediately upon entry and, notwithstanding Rule 4001(a)(3), enforceable of such order will not be stayed until the expiration of the fourteen (14) days after entry of the Order.

WHEREFORE, Frio Realty Group, LLC hereby respectfully requests that the Court find that the automatic stay be lifted, and enter the Order in the form submitted, and award any such other and further relief as this Court may find just and equitable.

Respectfully Submitted,

Date:  May 22, 2025            **BIELLI & KLAUDER, LLC**

*/s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (No. 202100)
Angela L. Mastrangelo (No. 94339)
1905 Spruce St.
Philadelphia, PA 19103
Phone: (215) 642-8271
tbielli@bk-legal.com
mastrangelo@bk-legal.com

*Counsel to the Landlord, Frio Realty Group, LLC*